I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 4-8-11

DEPUTY CLERK

(w/ Central District Habeas Form)



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEOPPEL HALL,<br><br>    Petitioner,<br><br>  vs.<br><br>K. HARRINGTON,<br><br>    Respondent. | Case No. CV 11-2728-JFW (RNB)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On March 31, 2011, petitioner filed herein a Petition for Writ of Habeas Corpus by a Person in State Custody, utilizing the approved Central District form for such petitions.[1] The Court's review of the Petition reveals that it suffers from the following deficiencies:

    1.    Petitioner failed to properly complete subparagraphs a, b, and c of ¶ 4 of the habeas petition form, which asks for information about petitioner's Petition for Review to the California Supreme Court (which, according to the California Appellate Courts website, was

---

[1] The Court notes that the attached proof of service form references a Notice of Lodgment and a Motion for Stay and Abeyance. However, no such documents were submitted for filing, along with the Petition.

denied on April 1, 2009).

2. Petitioner failed to properly complete subparagraphs a(2), (3), (5), (6), and (7) of ¶ 6 of the habeas petition form, which asks for information about the California Supreme Court habeas petition that petitioner claims to have filed. If that petition still is pending, petitioner should have so indicated.

3. It is unclear from petitioner's failure to properly complete ¶ 7 of the habeas petition form what the factual basis is for Grounds two, three, four, and five. It also is unclear whether Grounds three, four, and five were previously raised on direct appeal, in a Petition for Review, or in a California Supreme Court habeas petition.

4. Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Here, none of the Grounds alleged in ¶ 7 of the Petition is framed as a federal constitutional claim.

5. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the

courts of the State.[2] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, based on petitioner's failure to properly complete ¶¶ 4 and 6 of the habeas petition form, the Court has no basis for finding that petitioner has met his burden with respect to the exhaustion of state remedies issue.

6.  If, as it appears from ¶ 10 of the Petition, petitioner currently has a habeas petition pending in the California Supreme Court,

---

[2] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

3

the Petition would be subject to dismissal under the Ninth Circuit's holding and reasoning in Sherwood v. Tompkins, 716 F.2d 632 (9th Cir. 1983). There, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner (like petitioner here) arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> "[E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> "As we explained in Davidson v. Klinger, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." Sherwood, 716 F.2d at 634 (footnote and remaining citations omitted).

Other courts in this Circuit also have applied the Sherwood dismissal rule where the petitioner had a state habeas petition pending. See, e.g., Henderson v. Cavazos, 2011 WL 333234, *1-*2 (C.D. Cal. Jan. 31, 2011); Miller v. Swarthout, 2011 WL 332829, *1 (N.D. Cal. Jan. 31, 2011); Winiarz v. Cates, 2010 WL 5092215, *1-*2 (C.D. Cal. Dec. 28, 2010); Guerra v. Small, 2010 WL 703072, *1 (N.D. Cal. Feb. 25, 2010).

7. Since the Petition was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[3] Here, it appears that petitioner's judgment of conviction became final on June 30, 2009, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Consequently, if measured from the date on which the judgment of conviction became final,[4] petitioner's last day to file his federal habeas petition was June

---

[3] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

[4] Given the nature of petitioner's claims herein, it does not appear to the Court that any of the other "trigger" dates under 28 U.S.C. § 2244(d)(1) could possibly apply here with respect to Grounds one through four. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Moreover, while petitioner alleges
(continued...)

5

30, 2010, unless a basis for tolling the statute existed. Here, it does not appear from the face of the Petition that petitioner filed a state collateral challenge prior to the lapse of the limitation period. Accordingly, petitioner would not be entitled to any statutory tolling for the habeas petition that he claims in ¶ 10 of the Petition to have filed in February, 2011 because, by then, petitioner's federal filing deadline already had lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002). With respect to the equitable tolling issue, the burden is on petitioner to show (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file his federal habeas petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2562, 177 L. Ed. 2d 130 (2010). Here, petitioner has not purported to make any such showing in the Petition. Thus, it appears to the Court that the Petition is untimely

---

[4](...continued)
in Ground five that he has received unspecified "newly discovered evidence," the receipt of newly discovered evidence in itself does not constitute a claim cognizable on federal habeas review.

by over 7 months.[5]

For the foregoing reasons, the Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above within thirty (30) days of the date of this Order. The clerk is directed to send petitioner a blank Central District habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 7 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim which he seeks to raise herein and answer all of the questions pertaining to each claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 7 of the habeas petition form and not include any additional claims.)

Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED: April 6, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

7